IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOHN R. WEATHERALL** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) |
| **JOHN L. FATHEREE,** | ) |
| **GARY WIGGS,** | )   CIVIL NO. 12-848-GPM |
| **BRENDA SUITS,** | ) |
| **JOHN COX,** | ) |
| **SHERRY BENTON,** | ) |
| **GLADYSE C. TAYLOR,** | ) |
| **DONALD GAETZ, and** | ) |
| **LUKE P. HARTIGAN** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, currently paroled from Vienna Correctional Center ("Vienna") in the Southern District of Illinois brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Vienna prison officials and administrators of the Illinois Department of Corrections ("IDOC"). Plaintiff's complaint (Doc. 1) centers on numerous grievances for institutional violations that would have cost Vienna thousands of dollars to correct. The subject matter of these grievances and the action Plaintiff requested is unclear.

Plaintiff claims that Defendant Fatheree wrote a false disciplinary report against him because Plaintiff has filed numerous grievances. Plaintiff further claims that Defendant Fatheree's supervisors, Defendants Wiggs and Suits, participated in the disciplinary hearing and

thus violated Plaintiff's rights. Defendant Warden Cox concurred in the result of the disciplinary hearing and subsequently refused to speak to Plaintiff.

Defendant Gaetz, IDOC Deputy Director, Defendant Hartigan, IDOC Investigator, Defendant Benton, Administrative Review Board member and Defendant Taylor, IDOC Acting Director, received unspecified papers from Plaintiff, but took no action. Plaintiff's prayer for relief asks the Court to review Plaintiff's complaint and agree that the complaint has merit.

Under 28 U.S.C. § 1915(e)(2), the Court shall dismiss a case upon determination that it fails to state a claim on which relief can be granted. In the present case, Plaintiff has failed to state any claims upon which relief can be granted. Thus, Plaintiff's complaint must be dismissed.

To the extent Plaintiff is complaining of a false disciplinary report, this claim cannot stand. Allegations of false disciplinary reports do not state a claim where due process is afforded. *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984). The Seventh Circuit has held that prisoners are protected against arbitrary action by prison officials through the procedural due process requirements outlined in *Wolf v. McDonnell*, 418 U.S. 539 (1974). *Hanrahan*, 747 F. 2d at 1140. Plaintiff's papers clearly indicate Plaintiff received notice of the proceedings, a hearing in front of a committee, and called his own witnesses at the proceedings (*See* Doc. 1). Accordingly, Plaintiff' claim for false disciplinary reports fails and is dismissed with prejudice.

Next, Plaintiff's assertions pertaining to the unspecified paperwork sent to Defendants Gaetz, Hartigan, Benton, and Taylor (Doc. 1) also fails to state a claim. The alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v.*

*Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Here, Plaintiff makes no attempt to connect these Defendants with his underlying conduct. The Court is mindful that it must construe Plaintiff's pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Yet a careful reading of these allegations reveals that Plaintiff fails to state a claim upon which relief can be granted. Plaintiff's claim for the mishandling of grievances is dismissed with prejudice.

**Disposition of Motions**

Plaintiff has filed a motion for leave to proceed in forma pauperis ("IFP"), i.e., without prepaying the filing fee (Doc. 3) and a motion for the appointment of counsel (Doc. 4).

Since Plaintiff was not a "prisoner" within the meaning of § 1915A(c) when he commenced this lawsuit, the Court turns to 28 U.S.C. 1915(a)(1), which states the Court may allow a civil case to proceed without prepayment of fees, if the movant "submits an affidavit that includes a statement of all assets [he] possesses [showing] that the person is unable to pay such fees or give security therefor." Plaintiff has done so in the instant case.

Next, the Court must look to 28 U.S.C. § 1915(e)(2), which requires careful threshold scrutiny of the complaint filed by an IFP plaintiff. The statute *requires* the Court to dismiss the complaint at any time if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. *Id.* Plaintiff's complaint fails to state a claim upon which relief can be granted, and thus does not survive threshold review. Accordingly, Plaintiff's motion for leave to proceed IFP (Doc. 3) is **DENIED**.

Plaintiff's motion to appoint counsel is **DENIED** as **MOOT** (Doc. 4).

**Disposition**

Plaintiff's claim for false disciplinary reports against Defendants FATHEREE, WIGGS, and SUITS is **DISMISSED with prejudice**.  Plaintiff's claim for the mishandling of grievances against COX, BENTON, TAYLOR, GAETZ and HARTIGAN is **DISMISSED with prejudice**.

**IT IS SO ORDERED**.

DATED: September 26, 2012

/s / G. Patrick Murphy

G. PATRICK MURPHY
United States District Judge